Charleston Bldg Owners v. Builder's FirstSource

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The Charleston Building Owners Association, Appellant,
 
 
 

v.

 
 
 
 Builders FirstSource, Inc., as successors in interest to Bagnal Builders Supply Company, Inc., and Bagnal Builders Supply Company, Inc.,
 Of whom Bagnal Builders Supply Company, Inc., is Respondent.
 
 
 

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

Memorandum Opinion No. 2006-MO-004
Heard November 29, 2005  Filed January 23, 2006

AFFIRMED IN PART; REVERSED IN PART

 
 
 
 D. Michael Kelly and Leslie Therese Sarji, of Mike Kelly Law Group, LLC; and Willam Dixon Robertson, III, all of Columbia, for appellant.
 Joseph S. McCue, of Collins & Lacy, P.C., of Columbia, for respondent.
 
 
 

JUSTICE MOORE:  This appeal is from the dismissal of appellant Charleston Building Owners Associations (Plaintiffs) action against respondent Bagnal Builders Supply Company (Defendant).  We affirm in part and reverse in part.
FACTS
The timeline of pertinent events is as follows.  On December 4, 2001, Plaintiff filed the summons and complaint and delivered a copy to the sheriff for service on Defendant.  On December 7, the sheriffs deputy delivered the summons and complaint to Mike Gilbert at Defendants business address.  Mike Gilbert is an employee of Defendants successor company and is not authorized to accept service for Defendant.  He advised the sheriffs deputy of this fact but accepted the documents at the deputys insistence.
On December 21, Defendant moved to dismiss under Rule 12(b)(2) and (5), SCRCP, for lack of personal jurisdiction and insufficiency of service of process.  In support of its motion, on January 8, 2002, Defendant provided an affidavit by Thomas Bagnal, Defendants CEO and registered agent, indicating the summons and complaint had been improperly served on Mike Gilbert.  Plaintiffs counsel subsequently hired a private process server who personally served Thomas Bagnal on April 20, 2002.  
In August 2002, a hearing was held on Defendants motion to dismiss for the improper service on Mike Gilbert.  Plaintiffs counsel informed the judge that Defendant had been properly served on April 20, 2002, arguing this was within a reasonable time after delivery of process to the sheriff as provided under former Rule 3(b), SCRCP.  At the time, Rule 3(b) allowed an action to be commenced by filing the summons and complaint and delivering it for service to the sheriff  provided that actual service must be accomplished within a reasonable time thereafter.[1]
The trial judge concluded service on Mike Gilbert was insufficient and therefore the action was dismissed.  Further, the judge found the April 20 service on Thomas Bagnal was not within a reasonable time and ruled that Defendant therefore was not required to respond to the April 2002 service of the summons and complaint.  Plaintiff appeals.
ISSUE
Was the suit properly dismissed?
DISCUSSION
Plaintiff contends that actual service of process was accomplished within a reasonable time as required under Rule 3(b) when process was served on Thomas Bagnal, Defendants registered agent, on April 20, which was about three and a half months after counsel was informed that the sheriffs deputy had served the wrong person.  In response, Defendant argues the time of actual service was not reasonable under Rule 3 because more than four months passed between the time the summons and complaint was initially delivered to the sheriff for service and the actual service on Thomas Bagnal.
Rule 3(b) does not resolve the issue here.  Rule 3(b) is a tolling rule that determines whether an action was timely commenced, an issue not raised by Defendant as a ground for dismissal in this case.  The issue here is whether process was properly served on a person authorized to accept service.  For service of process to be deemed sufficient, it must comply with Rule 4, SCRCP.  Under Rule 4(d)(3), service on a corporation is accomplished by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.  The judge therefore correctly found that the initial service of process on Mike Gilbert in December 2001 was not proper.
We disagree, however, with the judges ruling that Defendant need not respond to the April 2002 service of process.  This service was properly made on Thomas Bagnal in compliance with Rule 4(d)(3).  Accordingly, we reverse the judges ruling regarding the April 2002 service.  Whether the action was timely commenced is an issue the parties may still litigate below.  
AFFIRMED IN PART; REVERSED IN PART.
TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice William P. Keesley, concur.

[1]Rule 3 now conforms to S.C. Code Ann. § 15-3-20 (2005) and requires that actual service be made within 120 days of filing the summons and complaint.  Rule 3(a)(2), SCRCP.